**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4328**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLTON JOSEPH LEWIS,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Frederick P. Stamp, Jr., Senior District Judge.  (3:06-cr-00051-FPS-DJJ-l)

Submitted:  November 26, 2008      Decided:  December 29, 2008

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen H. Sacks, Baltimore, Maryland, for Appellant.  Sharon L. Potter, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury trial, Carlton Joseph Lewis was convicted of possession with intent to distribute 7.52 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (2000). He was sentenced to 137 months in prison. Lewis appeals, contending the evidence was insufficient to convict him and the district court erred by allowing inappropriate impeachment of a defense witness, by failing to provide a missing witness instruction, and by denying his motion for a mistrial. Finding no error, we affirm.

Lewis first contends that the evidence was insufficient to show that he possessed or constructively possessed the drugs in question, and the district court erred in denying his motion for judgment of acquittal.

A jury's verdict must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "We have defined 'substantial evidence' as 'evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). "We must consider circumstantial as well as direct evidence, and allow the government the benefit of all reasonable inferences from the facts proven to those sought to be

established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). "We may not weigh the evidence or review the credibility of the witnesses." United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). "We can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (internal quotation marks and citation omitted).

To convict Lewis for possession with intent to distribute cocaine base, proof of "[a]ctual or sole possession of a controlled substance is not required; constructive possession is sufficient, which the government can prove by showing that the defendant exercised, or had the power to exercise, dominion and control over the item." United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992) (citation omitted). "Intent to distribute may be inferred from the quantity of drugs possessed." Id. Constructive possession may be established by either direct or circumstantial evidence. Burgos, 94 F.3d at 873.

The Government presented evidence that Lewis was the only person observed over a period of many hours loitering in the vicinity where the cocaine base was found. Lewis was also observed engaging in what officers recognized as hand-to-hand drug dealing, and he was arrested as he returned to the area where the drugs were found after engaging in one such transaction. We conclude the evidence in this case was sufficient to show Lewis possessed the

3

7.52 grams of cocaine base and to support his conviction for possession with intent to distribute.

Lewis next contends that the district court abused its discretion when it allowed the Government to cross-examine a defense witness, Kasey Bennett, about her lifestyle and matters of her personal life. Specifically, Lewis argues that the Government exceeded the provisions of Fed. R. Evid. 608 by inquiring into areas unrelated to Bennett's character for truthfulness.

To preserve a claim of error predicated upon a ruling that admits evidence, a party must make a timely objection "stating the specific ground of objection, if the specific ground was not apparent from the context." Fed. R. Evid. 103(a)(1). "The mandate for specificity in the Rule imposes upon the objecting party the obligation to object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection" and "would have clearly stated the specific ground now asserted on appeal." United States v. Parodi, 703 F.2d 768, 783 (4th Cir. 1983) (internal quotation marks and citations omitted). "Where counsel fails adequately to present and preserve an objection on the record, we review the admission of evidence solely for plain error." United States v. Brewer, 1 F.3d 1430, 1434 (4th Cir. 1993). Because Lewis's counsel did not contemporaneously raise the specific Rule 608 objection during Bennett's testimony, Lewis must show: (1) there was error; (2) the

4

error was plain; and (3) the error affected his substantial rights. United States v. Olano, 507 U.S. 725, 732-34 (1993). Even if Lewis satisfies these conditions, we may exercise our discretion to notice the error only if the error seriously affected the fairness, integrity or public reputation of judicial proceedings. Id. at 736.

Lewis urges on appeal that the Government's cross-examination of Bennett was irrelevant to her character for truthfulness and therefore improper under Rule 608(b). However, the Government's questioning regarding the paternity of Bennett's children established close ties between Bennett and members of Lewis's family, and it was properly allowed to reveal Bennett's potential bias and ulterior motives. See United States v. Abel, 469 U.S. 45, 49-53 (1984). We conclude that the district court did not plainly err or abuse its discretion in allowing Bennett's cross-examination.

Lewis next contends that the district court plainly erred by not giving a missing witness jury instruction. The supposed missing witnesses were individuals to whom Lewis allegedly sold drugs, but who were not arrested and did not testify at trial. "[T]he rule regarding missing witness instructions is that if a party has it peculiarly within his [or her] power to produce witnesses whose testimony would elucidate the transaction, the fact that he [or she] does not do it creates the presumption that the

testimony, if produced, would be unfavorable." United States v. Brooks, 928 F.2d 1403, 1412 (4th Cir. 1991) (internal quotation marks and citation omitted). Defense counsel never requested such an instruction during trial. Thus, Lewis is required to show plain error that affected his substantial rights. We conclude he has failed to make this showing. Lewis was not charged with distribution, but with possession of the 7.52 grams of cocaine base with intent to distribute. Moreover, as Lewis notes on appeal, he was not prohibited from arguing to the jury in closing argument that the hand-to-hand drug transactions observed by the Government witnesses were not corroborated by the testimony of any buyers at trial. Further, in light of the substantial evidence against Lewis, we are satisfied that a missing witness instruction would not have altered the outcome of the trial. We thus conclude that failing to instruct the jury on missing witnesses was not plain error, did not affect Lewis's substantial rights, and did not undercut the fairness of the trial.

Finally, Lewis argues that the district court abused its discretion when it denied his motion for mistrial based upon a reference in the Government's opening statement to a statement by Lewis that had not previously been disclosed to the defense.

We review the grant or denial of a motion for mistrial for abuse of discretion, United States v. West, 877 F.2d 281, 287-88 (4th Cir. 1989), and we will disturb a district court's

ruling "only under the most extraordinary of circumstances." See United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997). "A defendant must show prejudice in order for the court's ruling to constitute an abuse of discretion, and no prejudice exists if the jury could make individual guilt determinations by following the court's cautionary instructions." West, 877 F.2d at 288. Remarks by the prosecutor in an opening statement will lead to reversal if "(1) the prosecutor's remarks or conduct [were] in fact . . . improper, and (2) such remarks or conduct . . . prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988), overruled on other grounds by Bailey v. United States, 516 U.S. 137 (1995).

The district court determined that Lewis's statement indicating that he could not be held responsible for the cocaine base because "he didn't have it" on his person should be excluded from evidence because the defense had no notice of the statement until the Government's opening statement. In addition, the district court agreed that it would consider a curative or limiting instruction if the defense suggested one at the appropriate time. However, the court denied Lewis's request to strike the Government's entire opening statement and denied his motion for a mistrial because the court had instructed the jury that an opening statement was not to be considered evidence. See United States v.

Love, 134 F.3d 595, 603 (4th Cir. 1998) (jurors are presumed to follow instructions delivered by the court).  We conclude the Government's reference to Lewis's statement did not so prejudice Lewis's substantial rights as to deprive him of a fair trial and the district court did not abuse its discretion in denying a mistrial.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED